# EXHIBIT
## "A"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

I.    CASE STYLE

IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA

(Name of Court)

Plaintiff    RICHARD SAMSON

Case #:  - 10 – CA – 004280

Judge: _  Judge: McHugh, Michael T

vs.

Defendant    FEDERAL EXPRESS, a Delaware Corporation,

II.    TYPE OF CASE    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence—other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability—commercial
  - [ ] Premises liability—residential
- [ ] Products liability
- [ ] Real property/Mortgage foreclosure
  - [ ] Commercial foreclosure $0 - $50,000
  - [ ] Commercial foreclosure $50,001 - $249,999
  - [ ] Commercial foreclosure $250,000 or more

- [ ] Homestead residential foreclosure $0 - $50,000
- [ ] Homestead residential foreclosure $50,001 - $249,999
- [ ] Homestead residential foreclosure $250,000 or more
- [ ] Nonhomestead residential foreclosure $0 - $50,000
- [ ] Nonhomestead residential foreclosure $50,001 - $249,999
- [ ] Nonhomestead residential foreclosure $250,000 or more
- [ ] Other real property actions $0 - $50,000
- [ ] Other real property actions $50,001 - $249,999
- [ ] Other real property actions $250,000 or more
- [ ] Professional malpractice
  - [ ] Malpractice—business
  - [ ] Malpractice—medical
  - [ ] Malpractice—other professional
- [ ] Other
  - [ ] Antitrust/Trade regulation
  - [ ] Business transactions
  - [ ] Constitutional challenge—statute or ordinance

# FILED

OCT 1 5 2010

CHARLIE GREEN, CLERK
CIRCUIT/COUNTY COURTS
BY_____D.C.

☐ Constitutional challenge—proposed amendment    ☐ Libel/Slander
☐ Corporate trusts    ☐ Shareholder derivative action
☑ Discrimination—employment or other    ☐ Securities litigation
☐ Insurance claims    ☐ Trade secrets
☐ Intellectual property    ☐ Trust litigation

III.    **REMEDIES SOUGHT** (check all that apply):
☑ monetary;
☑ nonmonetary declaratory or injunctive relief;
☑ punitive

IV.    **NUMBER OF CAUSES OF ACTION:** ☐ 2
(specify)    1) DISABILITY DISCRIMINATION – ADA, 42 U.S.C. § 12112(a)
            2) DISABILITY DISCRIMINATION – FCRA, F.S. §760.11

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☑ no

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☑ no
☐ yes If "yes," list all related cases by name, case number, and court.

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☑ yes
☐ no

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Fla. Bar # 983100 _____
          Attorney or party    (Bar # if attorney

Ephraim Roy Hess, Esquire _____    10/14/10 _____
(type or print name)    Date

Richard Samson vs. Federal Express

IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

**FILED**

RICHARD SAMSON,

**OCT 1 5 2010**

       Plaintiff,

CHARLIE GREEN, CLERK
CIRCUIT/COUNTY COURTS
BY_____D.C

vs.

10 – CA – 004280
Judge: McHugh, Michael T

FEDERAL EXPRESS CORPORATION,

       a foreign corporation,

       Defendant.

_____/

## COMPLAINT

Plaintiff, RICHARD SAMSON, sues Defendant, FEDERAL EXPRESS CORPORATION, and shows:

### Introduction

1.    This is an action by Richard Samson ("Samson"), a mechanic, against Federal Express, for violating the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"), when it withdrew an offer of employment as a Senior Vehicle Technician because SAMSON has insulin-dependent diabetes. Federal Express ("Fedex") did so based on its own policy decision to require all of its mechanics nationwide to obtain U.S. Department of Transportation medical cards as a condition of employment--- a decision that results in a blanket ban excluding all people with diabetes from employment as mechanics. Samson seeks, among other relief, a declaration that Fedex's policy violates the FCRA and ADA and an injunction preventing Fedex from further violations of these anti-discrimination laws.

1

Richard Samson vs. Federal Express

## Parties

2.     Plaintiff, SAMSON, is a citizen of the United States of America, a resident of Lee County, Florida and an applicant for employment with Federal Express.

3.     Defendant, FEDEX, is a major multinational package delivery company doing business in 220 countries and territories worldwide. Fedex is registered to conduct business in Florida and conducts business in, among other places, Lee County, Florida.

## Jurisdiction and Venue

4.     This case is brought under the Americans with Disabilities Act, 42 U.S.C. 12101 et. seq. and the Florida Civil Rights Act, F.S. § 760.01 et. seq.

5.     . Venue is proper in the Twentieth Judicial Circuit because the cause of action arose in Lee County, Florida.

6.     Defendant is a covered employer under the Americans with Disabilities Act and the Florida Civil Rights Act in that all times material it employed the requisite number of employees required for coverage under each Act.

7.     A Charge of employment discrimination on the basis of disability was timely filed with the Equal Employment Opportunity Commission ("EEOC") within the deadlines prescribed by law.  Pursuant to Florida Statute §760.11, such filing constituted filing with the Florida Commission on Human

2

Richard Samson vs. Federal Express

Relations ("FCHR").  A copy of the Charge is attached to this Complaint as **Exhibit "A".**

8.     A Notice of Rights was issued by the EEOC on July 19, 2010 and received by SAMSON thereafter.  A copy of the Notice is attached to this Complaint as **Exhibit "B".**

9.     This Complaint has been filed within 90 days of Plaintiff's receipt of EEOC's Notice of Rights and subsequent to 180 days from the filing of the Charge of Discrimination with the FCHR.

10.    Plaintiff has otherwise complied with all conditions precedent to maintaining this action, such conditions have occurred or have been waived.

11.    All the discriminatory employment practices and unlawful acts alleged herein were committed within the state of Florida.

### Factual Allegations Common to All Counts

12.    In February of 2009, SAMSON, a mechanic and a person with insulin-dependent diabetes, applied for a position with Federal Express as a Senior Vehicle Technician for a position located at its RSWR Vehicle Maintenance Facility located in Fort Meyers, Florida.

13.    Fedex subsequently contacted SAMSON and arranged for him to be interviewed and complete a written and verbal test.  SAMSON was interviewed by Federal Express' District Fleet Manager, Mahase Madoo.  SAMSON was asked some 30 mechanical questions as part of the interview.

3

Richard Samson vs. Federal Express

14.   On March 10, 2009, Federal Express offered SAMSON the job of "Senior Vehicle Technician".  SAMSON accepted Federal Express' offer on or about March 12, 2009.

15.   On or about March 17, 2009, at the request of Federal Express, SAMSON underwent a DOT Physical Exam at First Care Medical center.

16.   By letter dated March 18, 2009 from Mahase Madoo, District Fleet Manager, Fedex's offer of employment for the Senior Vehicle Technician was withdrawn, because SAMSON did not successfully "...complete a DOT physical required for the position."

17.   Upon further inquiry, SAMSON learned that his disclosure of his insulin-dependent diabetes as part of the medical examination resulted in his "failing" the DOT physical and thus not obtaining the required DOT medical card.

18.   Fedex applies the Federal Department of Transportation guidelines to all mechanics as a matter of convenience; as a result, anyone, including SAMSON, who applies for a mechanic's position with the company, is required by Fedex to obtain a DOT medical card under those restrictive guidelines.

19.   The DOT guidelines contain an automatic prohibition on issuance of a DOT medical card to an individual, such as SAMSON, who takes insulin to manage his diabetes.  The federal DOT rules are applicable to large vehicles driven in interstate commerce.

4

Richard Samson vs. Federal Express

20.    As a result of his diabetes, SAMSON is disabled within the meaning of the ADA and FCRA, was regarded by Federal Express as disabled and/or has a record of such a disability.

21.    SAMSON is disabled under the ADA and FCRA because he has a substantial physical impairment---diabetes.

22.    SAMSON's diabetes substantially limits him in major life activities including, but not limited to:  caring for himself, eating, performing manual tasks, walking, seeing, standing, breathing, speaking, concentrating, thinking, communicating and/or working.    Additionally, pursuant to 42 U.S.C. § 12102(2) (B), SAMSON's diabetes substantially limits the operation of his endocrine system, a major bodily function.

23.    At all times material this action, Plaintiff was qualified for employment as a "Senior Vehicle Technician" and was in fact hired by Federal Express for this position because of such qualifications, including his knowledge, training, skill and/or experience as a mechanic.

24.    At all times material to this action, Plaintiff was a qualified individual in that he was an individual who, with or without reasonable accommodation, is able to perform the essential functions of the Senior Vehicle Technician job.

Richard Samson vs. Federal Express

## COUNT I
### Disability Discrimination (Failure to Hire)
### Violation of Americans with Disabilities Act, as Amended,
### 42 U.S.C. § 12112(a) and §12112(b)(6)

25.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, as though actually set forth in this Count.

26.    The aforementioned actions of the Defendants, their employees, managers, representatives and agents constitute the Defendants' unlawful failure to hire Plaintiff because of Plaintiff's disability, diabetes; Defendant's perception of Plaintiff's disability, and/or Plaintiff's record of a disability, all in violation of the ADA, 42 U.S.C. § 12101, et. seq.

27.    Additionally, Defendant's requirement that all mechanics obtain and hold a DOT medical card for purposes of interstate driving constitutes the unlawful use of "....[Q]ualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities." 42 U.S.C. §12112(b)(6)

28.    As a direct and proximate result of these acts, Plaintiff has suffered and continues to suffer damages.

29.    The actions of Federal Express, through its representatives, employees and agents, were malicious, intentional and constitute a wanton, willful and reckless disregard by Federal Express of Plaintiff's protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant him the following relief:

Richard Samson vs. Federal Express

A.     A declaration that Defendant violated the ADA;

B.     An injunction against Defendant prohibiting further violations of the ADA;

C.     Award Plaintiff back pay in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

D.     Award Plaintiff compensatory damages including, but not limited to those for mental anguish, loss of dignity, and any other intangible injuries;

E.     Instatement to the position of Senior Vehicle Technician or in the alternative, front pay;

F.     Punitive damages;

G.     The costs of this action, together with reasonable attorney's fees pursuant to 42 U.S.C. §12205;

H.     Pre-judgment interest; and

I.     Such other and further relief as is just, equitable, and proper.

**COUNT II**
**Disability Discrimination (Failure to Hire)**
**Violation of Florida Civil Rights Act, F.S. §760.01 et. seq.**

30.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 23, as though actually set forth in this Count.

7

Richard Samson vs. Federal Express

31.   The aforementioned acts and omissions of the Defendants, their employees, managers, representatives and agents constitute the Defendants' unlawful failure to hire Plaintiff because of Plaintiff's disability, Defendant's perception of Plaintiff's disability, and/or Plaintiff's record of a handicap, in violation of Chapter 760.01, *et seq.*, Florida Statutes.

32.   As a direct and proximate result of these acts, Plaintiff has suffered and continues to suffer damages.

33.   The actions of Federal Express, through its representatives, employees and agents, were malicious, intentional and constitute a wanton, willful and reckless disregard by Federal Express of Plaintiff's protected employment rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant him the following relief:

A.   A declaration that Defendant violated the Florida Civil Rights Act;

B.   An injunction against Defendant prohibiting further violations of the Florida Civil Rights Act;

C.   Award Plaintiff back pay including interest in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

Richard Samson vs. Federal Express

D.  Award Plaintiff compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E.  Instatement to the position of Senior Vehicle Technician or in the alternative, front pay;

F.  Punitive damages as expressly permitted by §760.11(5);

G.  The costs of this action, together with reasonable attorney's fees pursuant to §760.11(5), Florida Statutes;

H.  Pre-judgment interest; and

I.  Such other and further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable as a matter of right.

Dated:     October 14, 2010

By: _____
EPHRAIM R. HESS
FBN: 983100
Ephraim Roy Hess, P.A.
2924 Davie Road, Suite 202
Davie, FL 33314
(954) 585-8599

Jan 04 11 02:54p      C.P.R. Carrier, Inc.                                    239-936-5285                p:16

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 846-2009-28615 |

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Mrs., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Richard Samson | (239) 267-2417 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 9024 King Road West, Ft. Myers, FL 33967 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FEDEX | Unknown | (954) 316-7736 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2600 S.W. 39th Street,  Ft. Lauderdale, FL 33312 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | Earliest 03-10-2009   Latest 03-18-2009 ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have a disability.  In March of 2009, I applied for the position of Senior Vehicle Technician.  I was offered the position on March 10, 2009 contingent upon a successful completion of a DOT medical examination.  On March 18, 2009 MR. Mahase Madoo, District Fleet Manager, informed me that I did not meet the requirement of the physical exam.  He informed me that the company withdrew the offer of employment.  I informed him that the medication that I take due to my disability does not impair me from performing the position of a Mechanic.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 7-16-09    *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date    Charging Party Signature | (month, day, year) |

# EXHIBIT A

ERHPA021

Richard  Jan 27 09 07:29a

Jan 04 11 02:54p     C.P.R. Carrier, Inc.                    239-936-5265                    p.7

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Richard Samson<br>9024 King Road West<br>FL Myers, FL 33967 | From: Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2009-28615 | Susan Diaz,<br>Investigator | (305) 808-1768 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Detner Franklin-Thomas,            7-19-10
Acting District Director            (Date Mailed)

Enclosure(s)

cc:   Micahael Lewis                     Ephraim Roy Hess, Esq.
      EEO Advisor                        2924 Davie Road, Ste 202
      FEDEX                              Davie, FL 33314
      3660 Hacks Cross Road
      Building F, third floor
      Memphis, TN 38125

# EXHIBIT B

# CT Corporation

**Service of Process Transmittal**
12/22/2010
CT Log Number 517780868

# RECEIVED

DEC 22 2010

LITIGATION GROUP

| | |
|---|---|
| **TO:** | Shunika Tunstall<br>Federal Express Corporation<br>3620 Hacks Cross Road, Third Floor<br>Building B<br>Memphis, TN 38125- |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Federal Express Corporation (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Samson, Pltf. vs. Federal Express Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Lee County Circuit Court, FL<br>Case # 10-CA-004280 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability - Violation of the Americans With Disabilities Act - Failure to hire plaintiff - Seeking Declaratory Judgment and Injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/22/2010 at 10:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ephraim R. Hess<br>Ephraim Roy Hess, P.A.<br>2924 Davie Road<br>Suite 202<br>Davie, FL 33314<br>954-585-8599 |
| **ACTION ITEMS:** | Telephone, Shunika Tunstall , 901-434-8493<br>*Voicemail message left.*<br>SOP Papers with Transmittal, via Fed Ex Priority Overnight , 796588165258<br>Image SOP<br>Email Notification, Cynthia Collins cjcollins@fedex.com<br>Email Notification, Shunika Tunstall shunika.tunstall@fedex.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / IT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE 20ᵗʰ   JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

RICHARD SAMSON,

       Plaintiff,

vs.                       Case No. 10 - CA - 004280

FEDERAL EXPRESS CORPORATION,
a foreign corporation,

       Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

## SUMMONS ON AMENDED COMPLAINT

    **YOU ARE COMMANDED** to serve this Summons on Amended Complaint and a copy of the Amended Complaint in this action upon the Defendant, FEDERAL EXPRESS CORPORATION, a foreign Corporation, by serving its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324 US

    The Defendant is required to serve written defenses to the Amended Complaint on Plaintiff's attorney, Ephraim Roy Hess, Esquire, whose address is: **EPHRAIM ROY HESS, P.A., 2924 Davie Road, Suite 202, Davie, Florida, 33314**, within twenty (20) days after service of this Summons on Amended Complaint on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Amended Complaint.

    WITNESS my hand and seal of this Court on ____DEC 1 4 2010____.

                            CHARLIE GREEN
                            As Clerk of the Court

             By: _____
                      As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

RICHARD SAMSON,

        Plaintiff,

vs.                                Case No. 10-CA-004280

FEDERAL EXPRESS CORPORATION,

        a foreign corporation,

                Defendant.

_____/



## AMENDED COMPLAINT

    Plaintiff, RICHARD SAMSON, sues Defendant, FEDERAL EXPRESS

CORPORATION, and shows:

### Introduction

    1.    This is an action by Richard Samson ("SAMSON"), a mechanic,

against Federal Express Corporation ("FEDEX"), for violating the Americans

with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"), when

it withdrew an offer of employment as a Senior Vehicle Technician because

SAMSON has type 1 diabetes treated with insulin. FEDEX did so based on its

own policy decision to require all of its mechanics nationwide to obtain U.S.

Department of Transportation medical cards as a condition of employment---

a decision that screens out all people *with diabetes* who use insulin from

employment as mechanics. SAMSON seeks, among other relief, a declaration

that FEDEX's policy violates the FCRA and ADA and an injunction preventing

FEDEX from further violations of these anti-discrimination laws.

Richard Samson vs. Federal Express Corporation
Lee County Circuit Court Case No. 10-CA-004280

## Parties

2.    Plaintiff, SAMSON, is a citizen of the United States of America, a resident of Lee County, Florida and an applicant for employment with FEDEX.

3.    Defendant, FEDEX, is a major multinational package delivery company doing business in 220 countries and territories worldwide. FEDEX is registered to conduct business in Florida and conducts business in, among other places, Lee County, Florida.

## Jurisdiction and Venue

4.    This case is brought under the Americans with Disabilities Act, 42 U.S.C. 12101 et. seq. and the Florida Civil Rights Act, F.S. § 760.01 et. seq.

5.    Venue is proper in the Twentieth Judicial Circuit because the cause of action arose in Lee County, Florida.

6.    FEDEX is a covered employer under the Americans with Disabilities Act and the Florida Civil Rights Act in that at all times material it employed the requisite number of employees required for coverage under each Act.

7.    A Charge of employment discrimination on the basis of disability was timely filed with the Equal Employment Opportunity Commission ("EEOC") within the deadlines prescribed by law. Pursuant to Florida Statute §760.11, such filing constituted filing with the Florida Commission on Human Relations ("FCHR"). A copy of the Charge is attached to this Complaint as **Exhibit "A"**.

2

Richard Samson vs. Federal Express Corporation
Lee County Circuit Court Case No. 10-CA-004280

8.    A Notice of Rights was issued by the EEOC on July 19, 2010 and received by SAMSON thereafter. A copy of the Notice is attached to this Complaint as **Exhibit "B"**.

9.    The Complaint has been filed within 90 days of SAMSON's receipt of EEOC's Notice of Rights and subsequent to 180 days from the filing of the Charge of Discrimination with the FCHR.

10.    SAMSON has otherwise complied with all conditions precedent to maintaining this action, such conditions have occurred or have been waived.

11.    All the discriminatory employment practices and unlawful acts alleged herein were committed within the state of Florida.

### Factual Allegations Common to All Counts

12.    In February of 2009, SAMSON, a mechanic and a person with type 1 diabetes treated with insulin, applied for a position with FEDEX as a Senior Vehicle Technician for a position located at its RSWR Vehicle Maintenance Facility located in Fort Meyers, Florida.

13.    FEDEX subsequently contacted SAMSON and arranged for him to be interviewed and complete a written and verbal test. SAMSON was interviewed by FEDEX's District Fleet Manager, Mahase Madoo. SAMSON was asked some 30 mechanical questions as part of the interview.

14.    On March 10, 2009, FEDEX offered SAMSON the job of "Senior Vehicle Technician". SAMSON accepted FEDEX's offer on or about March 12, 2009.

3

15.   On or about March 17, 2009, at the request of FEDEX, SAMSON underwent a DOT Physical Exam at First Care Medical center.

16.   By letter dated March 18, 2009 from Mahase Madoo, District Fleet Manager, FEDEX's offer of employment for the Senior Vehicle Technician was withdrawn, because SAMSON did not successfully "...complete a DOT physical required for the position."

17.   Upon further inquiry, SAMSON learned that his disclosure of his type 1 diabetes treated with insulin as part of the medical examination resulted in his "failing" the DOT physical and thus not obtaining the required DOT medical card.

18.   FEDEX applies the Federal Department of Transportation guidelines to all mechanics as a matter of convenience; as a result, anyone, including SAMSON, who applies for a mechanic's position with the company, is required by FEDEX to obtain a DOT medical card under those restrictive guidelines.

19.   The DOT guidelines contain an automatic prohibition on issuance of a DOT medical card to an individual, such as SAMSON, who takes insulin to manage his diabetes. The federal DOT rules are only applicable to commercial motor vehicles driven in interstate commerce (such as trucks weighing in excess of ten thousand pounds driven across state lines). These rules do not apply to the position of Senior Vehicle Technician because that job does not involve operation of a commercial motor vehicle in interstate commerce.

Richard Samson vs. Federal Express Corporation
Lee County Circuit Court Case No. 10-CA-004280

20.   At all times relevant, Samson has been a qualified individual with a disability as defined by statute, because:

a) Samson has type 1 diabetes and was diagnosed in 1995.

b) As a result of his diabetes, Samson is substantially limited in the major life activity of the operation of a major bodily function – the endocrine system – when viewed without the mitigating measure of his insulin.

c) Additionally, Samson's diabetes substantially limits him in other major life activities including, but not limited to, eating and caring for himself.

21.   At all times material this action, SAMSON was qualified for employment as a "Senior Vehicle Technician" and was in fact hired by FEDEX for this position because of such qualifications, including his knowledge, training, skill and/or experience as a mechanic.

22.   At all times material to this action, SAMSON was a qualified individual in that he was an individual who, with or without reasonable accommodation, is able to perform the essential functions of the Senior Vehicle Technician job.

**COUNT I**
**Disability Discrimination (Failure to Hire)**
**Violation of Americans with Disabilities Act, as Amended,**
**42 U.S.C. § 12112(a) and §12112(b)(6)**

23.   SAMSON incorporates by reference the allegations of paragraphs 1 through 22, as though actually set forth in this Count.

5

24.   The aforementioned actions of FEDEX, its employees, managers, representatives and agents constitute FEDEX's unlawful failure to hire SAMSON because of SAMSON's disability, diabetes.

25.   FEDEX regarded SAMSON as having a disability by taking an action prohibited by the Americans with Disabilities Act because of SAMSON's physical impairment of diabetes treated with insulin.

26.   In imposing a requirement that SAMSON must obtain a DOT card even though he would be a mechanic and not a commercial truck driver, FEDEX violated the ADA, which prohibits an employer from using qualification standards that screen out people with disabilities. 42 U.S.C. 12112(b)(6).

27.   FEDEX's conduct in withdrawing its offer to hire SAMSON because of his disability constitutes discrimination in employment on the basis of a disability or a perceived disability in violation of the ADA.

28.   As a direct and proximate result of these acts, SAMSON has suffered and continues to suffer damages.

29.   The actions of FEDEX, through its representatives, employees and agents, were malicious, intentional and constitute a wanton, willful and reckless disregard by FEDEX of SAMSON's protected employment rights.

**WHEREFORE**, SAMSON respectfully requests that this Court grant him the following relief:

A.    A declaration that FEDEX violated the ADA;

6

B.   An injunction against FEDEX prohibiting further violations of the ADA;

C.   Award SAMSON back pay in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

D.   Award SAMSON compensatory damages including, but not limited to those for mental anguish, loss of dignity, and any other intangible injuries;

E.   Instatement to the position of Senior Vehicle Technician or in the alternative, front pay;

F.   Punitive damages;

G.   The costs of this action, together with reasonable attorney's fees pursuant to 42 U.S.C. §12205;

H.   Pre-judgment interest; and

I.   Such other and further relief as is just, equitable, and proper.

## COUNT II
## Disability Discrimination  (Failure to Hire)
## Violation of Florida Civil Rights Act, F.S. §760.01 et. seq.

30.   SAMSON incorporates by reference the allegations of paragraphs 1 through 22, as though actually set forth in this Count.

31.   In imposing a requirement that SAMSON must obtain a DOT card even though he would be a mechanic and not a commercial truck driver,

7

Richard Samson vs. Federal Express Corporation
Lee County Circuit Court Case No. 10-CA-004280

FEDEX violated the FCRA, which prohibits an employer from using qualification standards that screen out people with disabilities.

32.   The aforementioned actions of FEDEX, its employees, managers, representatives and agents constitute FEDEX's unlawful failure to hire SAMSON because of SAMSON's disability.

33.   FEDEX regarded Plaintiff as having a disability by taking an action prohibited by the FCRA because of SAMSON's physical impairment of diabetes treated with insulin.

34.   As a direct and proximate result of these acts, SAMSON has suffered and continues to suffer damages.

35.   The actions of FEDEX, through its representatives, employees and agents, were malicious, intentional and constitute a wanton, willful and reckless disregard by FEDEX of SAMSON's protected employment rights.

**WHEREFORE**, SAMSON respectfully requests that this Court grant him the following relief:

A.   A declaration that FEDEX violated the Florida Civil Rights Act;

B.   An injunction against FEDEX prohibiting further violations of the Florida Civil Rights Act;

C.   Award SAMSON back pay including interest in the form of lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

8

Richard Samson vs. Federal Express Corporation
Lee County Circuit Court Case No. 10-CA-004280

D.   Award SAMSON compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E.   Instatement to the position of Senior Vehicle Technician or in the alternative, front pay;

F.   Punitive damages as expressly permitted by §760.11(5);

G.   The costs of this action, together with reasonable attorney's fees pursuant to §760.11(5), Florida Statutes;

H.   Pre-judgment interest; and

I.   Such other and further relief as is just, equitable, and proper.

## DEMAND FOR JURY TRIAL

SAMSON demands a jury trial on all issues triable as a matter of right.

Dated:    December 8, 2010

By: _____
EPHRAIM R. HESS
FBN: 983100
Ephraim Roy Hess, P.A.
2924 Davie Road, Suite 202
Davie, FL 33314
(954) 585-8599

9

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2009-28615 |

Florida Commission On Human Relations                                    and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Richard Samson | (239) 267-2417 | |

Street Address                          City, State and ZIP Code

9024 King Road West, Ft. Myers, FL 33967

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FEDEX | Unknown | (954) 316-7736 |

Street Address                          City, State and ZIP Code

2600 S.W. 39th Street, Ft. Lauderdale, FL 33312

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **03-10-2009**     Latest **03-18-2009**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have a disability.  In March of 2009, I applied for the position of Senior Vehicle Technician.  I was offered the position on March 10, 2009 contingent upon a successful completion of a DOT medical examination.  On March 18, 2009 MR. Mahase Madoo, District Fleet Manager, informed me that I did not meet the requirement of the physical exam.  He informed me that the company withdrew the offer of employment. I informed him that the medication that I take due to my disability does not impair me from performing the position of a Mechanic.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

7-16-09                          *(signature)*
Date          Charging Party Signature

# EXHIBIT A

ERHPA021

Richard              I 27 09 07:29a

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard Samson<br>9024 King Road West<br>Ft. Myers, FL 33967 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No.<br><br>846-2009-28615 | EEOC Representative<br>Susan Diaz,<br>Investigator | Telephone No.<br><br>(305) 808-1768 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Deiner Franklin-Thomas_                    7-19-10

Deiner Franklin-Thomas,                    (Date Mailed)
Acting District Director

Enclosures(s)

cc:    Micahael Lewis                    Ephraim Roy Hess, Esq.
       EEO Advisor                       2924 Davie Road, Ste 202
       FEDEX                             Davie, FL 33314
       3660 Hacks Cross Road
       Building F, thrid floor
       Memphis, TN 38125

# EXHIBIT B

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT, IN
AND FOR LEE COUNTY, FLORIDA

RICHARD SAMSON,

      **Plaintiff,**                                  CASE NO.: 10-CA 004280

v.

FEDERAL EXPRESS CORPORATION,

      **Defendant.**

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Federal Express Corporation, has filed

in the United States District Court for the Middle District of Florida (Ft. Myers Division)

the attached Notice of Removal, thereby effecting the removal of this case to that Court,

pursuant to 28 U.S.C. §§ 1331, 1441 and 1446(d).

Dated: January 7, 2011.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL 32801-2366
Telephone:  407.393.2900
Facsimile:  407.393.2929

BY: _____

Jeffrey B. Jones, Esquire
Florida Bar No.: 0039950
Email:  jbjones@littler.com

Frederick L. Douglas
TN Bar No.: 22356
(*Motion for Admission Pro Hac to be filed*)
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Email: frederick.douglas@fedex.com

ATTORNEY(S) FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via FedEx overnight mail to: Ephraim R. Hess, Esquire, Ephraim Roy Hess, P.A., 2924 Davie Road, Suite 202, Davie, Florida 33314 on this 7th day of January, 2011.

Jeffrey B. Jones, Esquire

Firmwide:99532414.1 056148.1000